In the Matter of LESTER V. WALTMAN, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 14, 1977

344

*Nicholas C. Cooper (Peter F. Tortorici* of counsel), for petitioner.

*Per Curiam.* The respondent was admitted to practice by this court on March 25, 1959. In this proceeding petitioner moves to confirm in part and disaffirm in part the Referee's report.

The Referee found the respondent guilty, *inter alia,* of: grossly neglecting two personal injury actions and prejudicing the interests of his respective clients by failing to commence timely actions; failing to file a statement of retainer with the Judicial Conference in one of the afore-mentioned matters; misrepresenting the status of the afore-mentioned actions to his respective clients; after receiving a fee, grossly neglecting the interests of his clients by failing to file necessary papers with an adoption agency; after receiving a fee for the purpose of incorporating a business, grossly neglecting his clients' interest by failing to incorporate the business and failing to respond to the clients' inquiries, and in attempting to conceal his neglect by falsely assuring his clients that the business had been incorporated, causing them to improperly conduct their business as a corporation; and failing to co-operate with the Grievance Committee of the Brooklyn Bar Association and the petitioner herein in their investigations of the afore-mentioned complaints. The Referee failed to sustain a charge that respondent had falsely testified before the Grievance Committee of the Brooklyn Bar Association when he indicated that none of his cases had been time-barred. As to this last finding, petitioner moves to disaffirm the Referee's report.

After reviewing all the testimony, the report of the Referee and the other documents submitted, we are in accord with the

findings of the Referee, except as to his failure to sustain the charge concerning false testimony. Therefore, the petitioner's motion to confirm in part and disaffirm in part the report should be, and hereby is, granted.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances found by the Referee. Accordingly, it is our opinion that the respondent should be, and he hereby is, suspended from the practice of law for a period of one year, commencing April 1, 1977.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and MARGETT, JJ., concur.